```
              UNITED STATES DISTRICT COURT
                       FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES E. SMITH,                :
                                 :
        Petitioner               :    No. 1:16-cv-1503
                                 :
   vs.                           :    (Judge Kane)
                                 :
COMMONWEALTH OF PENNSYLVANIA,    :
et al.,                          :
                                 :
                                 :
        Respondents              :
```

### MEMORANDUM

### Background

Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Charles E. Smith, a state pretrial detainee, confined at the Dauphin County Prison, Harrisburg, Pennsylvania. (Doc. No. 1.) On August 12, 2016, Smith paid the $5.00 filing fee. The petition has been given preliminary consideration and, for the reasons discussed below, the court will dismiss this action without prejudice because there are ongoing state court criminal proceedings. See R. GOVERNING § 2254 CASES R. 4.[1]

On or about July 6, 2016, Smith was arrested and detained by the Harrisburg Police Department on drug charges,

---

1. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

including drug delivery resulting in death. (Doc. No. 1.) The charges were returned and Smith bound over to the Court of Common Pleas of Dauphin County for trial. <u>Commonwealth of Pennsylvania v. Charles Smith</u>, CP-22-CR-0005603-2016.[2] The docket of the Court of Common Pleas of Dauphin County reveals that Smith was formally arraigned on an Information filed by the Commonwealth of Pennsylvania charging him with drug delivery resulting in death and delivery of drugs on November 18, 2016 and he is scheduled to appear at a plea hearing on December 27, 2016, before President Judge Richard A. Lewis of the Court of Common Pleas of Dauphin County.

Generally, federal courts must adjudicate all cases and controversies that are properly before them. <u>New Orleans Pub. Serv., Inc. v. City of New Orleans</u>, 491 U.S. 350, 358, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." <u>Heritage Farms, Inc. v. Solebury Twp.</u>, 671 F.2d 743, 746 (3d Cir.1982). In <u>Younger v. Harris</u>, the United States Supreme

---

2. The court utilized the Unified Judicial System of Pennsylvania Web Portal to review the docket of the criminal case pending against Smith in the Court of Common Pleas of Dauphin County. A district court may take judicial notice of proceedings in another court. See <u>United States v. Wilson</u>, 631 F.2d 118 (9th Cir. 1980); <u>Hayes v. Woodford</u>, 444 F.Supp.2d 1127, (S.D. Cal. 2006)("[F]ederal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to the matter before the court.").

Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir.2005) (discussing Younger, 401 U.S. 37 (1971)). The Younger Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." Younger, 401 U.S. at 43. Absent extraordinary circumstances,[3] Younger abstention will apply when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, No. 09-1342, --- F.3d ----, 2010 WL 27216, at *3 (3d Cir. January 7, 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir.2005)). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the

---

3. Even when all requirements are met, Younger abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute ...." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989). These exceptions are to be narrowly construed. Loftus v. Township of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991). Wood has failed to show that he falls within any of the narrow exceptions to the Younger doctrine.

case of pending criminal proceedings." <u>Evans v. Court of Common Pleas</u>, 959 F.2d 1227, 1234 (3d Cir.1992).

Smith makes a vague argument that the state criminal charges violate his rights under the United States Constitution. He requests that he be released from custody because the "actual facts of [the] case do not support the charges lodged against [him]." (Doc. No. 1, at 3.) Smith is raising issues regarding the propriety of his arrest which should first be addressed by the state courts. It is clear that Smith claims concerning his ongoing criminal proceedings satisfy the requirements of abstention, and the instant habeas action does not raise the type of extraordinary circumstances contemplated under <u>Younger</u>. Thus, under the present circumstances, the Court concludes that it is appropriate to abstain from entertaining the petition, as abstention is required out of deference to the integrity of the state judicial process. Accordingly, the petition will be dismissed without prejudice.[4]

---

4. Furthermore, a state prisoner must exhaust all available state judicial remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. Sections 2254(b) and (c). Neither an intractable jurisdictional prerequisite nor "a mere formality,    . . . [the exhaustion requirement] serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." <u>Gibson v. Scheidemantel</u>, 805 F.2d 135, 138 (3d Cir. 1986). Exhaustion also "protect[s] the state court's role in the enforcement of federal law and prevent[s] disruption of state judicial proceedings." <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982). There is no indication whatsoever that Smith has availed himself of state
(continued...)

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order will be entered.

---

4. (...continued)
court appellate procedures to challenge the charges or his detention.